UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE ORDONA | § | Civil Action No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MEMORIAL HERMANN HEALTH | § | |
| SYSTEM d/b/a TIRR MEMORIAL | § | |
| HERMANN and d/b/a MEMORIAL | § | |
| HERMANN TIRR | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Ronnie Ordona ("Plaintiff") and complains of Defendant Memorial Hermann Health System d/b/a TIRR Memorial Hermann and d/b/a Memorial Hermann TIRR ("Defendant") and for his causes of action would show the Court as follows:

## I. INTRODUCTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(b). Plaintiff seeks a recovery of damages, fees, costs, and interest from Defendant pursuant to applicable federal laws.

## II. PARTIES

2. Plaintiff, Ronnie Ordona is an individual who resides in Fort Bend County, Texas.

3. Defendant, Memorial Hermann Health System d/b/a TIRR Memorial Hermann and d/b/a Memorial Hermann TIRR is a non-profit corporation licensed to do and doing business

in the State of Texas. It may be served with process via its registered agent, Renee Reimer, 929 Gessner Road, Suite 2690, Houston, Texas 77024.

## III.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. This court has personal jurisdiction over Defendant because it conducts business within the Southern District of Texas.

6. Venue of this proceeding is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of the Southern District of Texas.

7. Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(b).

## IV.
## CONDITIONS PRECEDENT

8. Plaintiff filed a Charge of Discrimination alleging race, national origin, sex and age discrimination against Defendant under Charge Number 460-2014-01010 with the Equal Employment Opportunity Commission ("EEOC") on January 13, 2014.

9. On October 24, 2014, the EEOC issued a Notice of Right to Sue entitling Plaintiff to file an action under Title VII and the ADEA. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue.

10. All conditions precedent to filing this cause of action have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## FACTS

11. Plaintiff is a fifty-four (54) year old, Asian, Filipino, male, naturalized citizen of the United States.

12. Plaintiff worked as a respiratory therapist within TIRR at Memorial Hermann for nearly fourteen (14) years.

13. Plaintiff was a trusted, reliable, and experienced member of the TIRR respiratory team providing the highest level of medical care to his patients.

14. On July 3, 2013, Plaintiff was terminated from him employment with Defendant by Ms. Darby Cruz ("Ms. Cruz"), Plaintiff's supervisor.

15. Defendant claims that Plaintiff was terminated for allegedly failing to chart or document the tracheotomy size for existing patients. Pursuant to TIRR Respiratory Therapy Policy RST-00017, charting or documenting the tracheotomy size for existing patients is not required. As such, Plaintiff was fully compliant with this policy.

16. TIRR Respiratory Therapy Policy RST-00017 provides that within twenty-four (24) hours of admission, an assessment should be done of the tracheotomy size, in addition to other items. This section of RST-00017, Respiratory Assessment Procedure, applies to new TIRR patients only. More importantly, RST-00017 does not require respiratory therapists to chart or document the tracheotomy size for new patients. Additionally, nowhere does RST-00017 require respiratory therapist to document or chart the tracheotomy size for existing TIRR patients.

17. Plaintiff actually went beyond the requirements of RST-00017 and charted or documented the tracheotomy size of new patients within twenty-four (24) hours of their admissions.

18. For nearly fourteen (14) years of employment, Plaintiff, like his fellow respiratory therapists, did not chart or document the tracheotomy size for existing patients. Not charting or documenting the tracheotomy size for existing patients was common practice for all respiratory therapists in TIRR. The reason for this is that RST-00017, as stated above, does not require respiratory therapists to chart or document the tracheotomy size for existing patients. Plaintiff clearly complied with all requirements set forth within RST-00017.

19. Other TIRR respiratory therapists who likewise did not chart or document the tracheotomy size for existing patients were not terminated.

20. Additionally, Memorial Hermann's progressive corrective action policy requires that employee incidents should be handled first with counseling, then verbal warning, followed by written warning, then final written warning, and finally suspension or termination.

21. Ms. Cruz, however, skipped the first three actions and jumped immediately to issuing a final written warning and then terminating Plaintiff.

22. Ms. Cruz terminated Plaintiff, at least in part, because of his race, national origin, sex, and/or age.

23. Defendant discriminated against Plaintiff at least in part, because of his race, national origin, sex, and/or age.

24. Upon information and belief, similar situated employees were treated differently than Plaintiff.

25. Plaintiff has suffered damages as a result of Defendant's discriminatory conduct.

## VI.
## CAUSES OF ACTION

**A. Title VII – Race, National Origin and Sex Discrimination.**

4

26. Each and every allegation contained in the foregoing paragraphs are realleged as if fully written herein.

27. Plaintiff is a fifty-four (54) year old, Asian, Filipino, male, naturalized citizen of the United States.

28. Because of Plaintiff's race, national origin, and sex he belongs to a group of persons that 42 U.S.C. § 2000e, *et seq.* intended to protect against discrimination in terms, conditions or privileges of employment.

29. By the above-described acts, Defendant discriminated against Plaintiff because of his race, national origin, and/or sex by discriminating against Plaintiff in terms, conditions or privileges of employment because of his national origin in violation of 42 U.S.C. § 2000e, *et seq.*

30. Further, Defendant acted with reckless indifference to the federally protected rights of Plaintiff.

31. Plaintiff was treated differently than others similarly situated outside his protected class.

32. There was no legitimate nondiscriminatory reason for Defendant's decision to terminate Plaintiff.

33. Defendant's stated reasons for terminating Plaintiff were false.

34. Race, national origin and/or sex was a factor in Defendant's decision to terminate Plaintiff.

35. Because of Defendant's discriminatory actions, Plaintiff has suffered adverse employment action, including loss of wages and other damages.

**B. ADEA – Age Discrimination.**

36. Each and every allegation contained in the foregoing paragraphs are realleged as if fully written herein.

37. Plaintiff is fifty-four (54) years old and thus a member of a protected age class within the meaning of the ADEA, namely over the age of forty (40) years old.

38. Further, Defendant acted with reckless indifference to the federally protected rights of Plaintiff.

39. Plaintiff was treated differently than others outside his protected class, and he suffered discrimination because of his age.

40. There was no legitimate nondiscriminatory reason for Defendant's decision to terminate Plaintiff.

41. Defendant's stated reasons for terminating Plaintiff were false.

42. Age was a factor in Defendant's decision to terminate Plaintiff.

43. Because of Defendant's discriminatory actions, Plaintiff has suffered adverse employment action, including loss of wages and other damages.

## VII.
## ATTORNEY'S FEES

44. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

45. Plaintiff is entitled to recover attorney's fees (including expert fees) and costs for bringing this action pursuant to Title VII and ADEA.

## VIII.
## JURY DEMAND

54. Plaintiff respectfully requests that this matter be tried before a jury.

## IX.
## **PRAYER**

WHEREFORE, Plaintiff Ronnie Ordona prays that Defendant Memorial Hermann Health System d/b/a TIRR Memorial Hermann and d/b/a Memorial Hermann TIRR be cited to appear and answer and that after final trial hereof, this Court grant judgment in favor of Plaintiff Ronnie Ordona and against Defendant as follows:

.     a.    Back pay, including, but not limited to, his wages and benefits;

      b.    Front pay, including, but not limited to, his wages and benefits;

      c.    Mental anguish and emotional distress in the past and future;

      d.    Liquidated damages;

      e.    Compensatory damages;

      f.    Costs of suit;

      g.    Pre-judgment and post-judgment interest, as allowed by law;

      h.    Reasonable attorney's fees (including expert fees); and

      i.    Any and all other relief that the Court deems appropriate.

Respectfully submitted,

By: ____/s/ Lionel Martin_____
    Lionel Martin
    Texas State Bar No. 24037032
    Federal I.D. No. 31342
    Lmartin@mgmartinlaw.com

    10707 Corporate Drive
    Suite 100
    Stafford, Texas 77477
    Tel: (281) 277-3066
    Fax: (281) 277-3067

    *Attorney-In-Charge for Plaintiff*

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal I.D. No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

10707 Corporate Drive
Suite 100
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067